# United States Court of Appeals for the Fifth Circuit

———————

No. 25-50460
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Antonio Camacho-Flores,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:25-CR-37-1

———————————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Jose Antonio Camacho-Flores appeals his sentence for illegal reentry under 8 U.S.C. § 1326(a) and (b), arguing the enhancement of his sentence under § 1326(b) is unconstitutional because it is based on facts not alleged in the indictment and either admitted or proved beyond a reasonable doubt. The Government has moved for summary affirmance or, alternatively, for an

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50460

extension of time in which to file a brief. While Camacho-Flores takes no position on summary affirmance, he acknowledges his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and seeks to preserve the issue for possible Supreme Court review.

Camacho-Flores is correct that his argument is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Summary affirmance is thus appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.

2